IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
99 AUG -5 PM 4:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| RICHARD B. CONNER,  )<br>  )<br>    Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>THE NEW YORK TIMES COMPANY,  )<br>INC., ETC., WHNT-TV, ETC.,  )<br>LIMESTONE COUNTY, ETC.,  )<br>STANLEY MENEFEE, in his  )<br>official capacity as Chairman )<br>of The Limestone County  )<br>Commission; ROBERT MCCURLEY,  )<br>individually and in his  )<br>capacity as Deputy of  )<br>Limestone County; AND MIKE  )<br>BLAKELY, individually and in )<br>his capacity as Sheriff of  )<br>Limestone County,  )<br>  )<br>    Defendants.  ) | Civil Action No. CV99-S-888-NE<br><br>ENTERED<br>AUG 0 5 1999 |

## MEMORANDUM OPINION

This action is before the court on motions to dismiss filed by the following defendants: The New York Times Company, Inc.; Stanley Menefee; Limestone County, Alabama; and Mike Blakely. The motion of The New York Times Company, Inc. is denied as moot. In the report of the parties' planning meeting (Document No. 22), the parties agreed that "'NYT Holdings, Inc.' will be substituted for [the defendants denominated in the caption of plaintiff's complaint as] 'The New Times Company, Inc.,' and 'WHNT-TV Newschannel 19' ..." Upon consideration of the remaining motions in the light of

34

the pleadings, briefs, and oral arguments of counsel, the court enters the following opinion.

## I. BACKGROUND

Plaintiff was arrested and charged with lewd and lascivious conduct at Limestone State Park on April 10, 1997. Agents of WHNT-TV[1] videotaped plaintiff prior to and during his arrest. Plaintiff allegedly was arrested without a warrant based on information provided to Limestone County Deputy Sheriff Robert McCurley by agents of WHNT-TV. The criminal charges against plaintiff were dismissed on July 16, 1997. Nevertheless, as a result of his arrest, plaintiff was terminated from his employment. Plaintiff filed his complaint on April 9, 1999, alleging violations of 42 U.S.C. §§ 1983, 1985, and 1988, along with numerous state laws claims.

## II. STANDARD OF REVIEW

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104

---

[1] It is alleged in paragraph 3 of the motion of The New York Times Company to dismiss (Document No. 12) that the entity designated in plaintiff's complaint as "WHNT-TV Newschannel 19 ... is not a legal entity but is a television broadcast station in Huntsville, Madison County, Alabama, which is owned and operated by NYT Holdings, Inc., an Alabama corporation."

2

S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."); *Williams v. City of Montgomery*, 21 F. Supp. 2d 1360, 1363 (M.D. Ala. 1998). Moreover, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Williams*, 21 F. Supp. 2d at 1363.

### III. THE ELEMENTS OF A § 1983 CLAIM

Title 42, United States Code, Section 1983, provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress. ...

The primary areas of focus in cases based upon § 1983 are two: whether the conduct complained of was committed by a person acting under color of state law; and, whether that conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. *See, e.g., Parratt v.*

3

*Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *see also Burch v. Apalachee Community Mental Health Services, Inc.*, 840 F.2d 797, 800 (11th Cir. 1988), *aff'd sub nom. Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

**A.   Are Defendants "Persons" Subject to Suit Under § 1983?**

Richard Conner has sued five defendants: (1) NYT Holdings, Inc.;[2] (2) Limestone County, Alabama; (3) Stanley Menefee, Chairman of the Limestone County Commission; (4) Limestone County Deputy Sheriff Robert McCurley; and (5) Limestone County Sheriff Mike Blakely. Defendants Limestone County, Commission Chairman Stanley Menefee, and Sheriff Mike Blakely contend they are not "persons" subject to suit under § 1983. Each claim will be addressed separately.

**1.   Sheriff Mike Blakely**

**a.   Official capacity claim**

Sheriff Blakely is not a "person" subject to suit under § 1983 when sued in his official capacity. That result flows from *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct.

---

[2] As noted previously, by agreement of the parties NYT Holdings, Inc. shall be substituted for two entities originally named as defendants: *i.e.*, "The New York Times Company, Inc." and "WHNT-TV Newschannel 19."

2304, 2312, 105 L.Ed.2d 45 (1989), where the Supreme Court held "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." The Eleventh Amendment[3] bars suits against a state in a federal forum, "unless that State has waived its immunity, ... or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." Id. at 66, 109 S.Ct. at 2309-10 (citation omitted).[4] The Will Court found that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect...." Id. at 66, 109 S.Ct. at 2310.[5] In addition, suits against a state

---

[3] The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[4] On the other hand, the Supreme Court does not view the Eleventh Amendment as a bar to suits for prospective injunctive relief against state officials acting in their official capacity. Parker v. Williams, 862 F.2d 1471, 1475 (11th Cir. 1989)(citing Edelman v. Jordan, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974)). See also Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 n.10, 109 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45 (1989), holding that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State'." However, plaintiff does not seek prospective injunctive relief herein.

[5] In addition to its discussion of the Eleventh Amendment's impact upon the scope of § 1983, the Will court found that

> Congress did not intend to override well-established immunities or defenses under the common law. ... The doctrine of sovereign immunity was a familiar doctrine at common law. The principle is elementary that a State cannot be sued in its own courts without its consent." ... We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued

5

official acting in his official capacity impose liability on the governmental entity the official represents. *E.g., Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S.Ct. 873, 877-78, 83 L.Ed.2d 878 (1985). "Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. ... As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71, 109 S.Ct. at 2312.

The 1901 Constitution of the State of Alabama provides that county sheriffs are executive officers of the State.[6] *See also Parker v. Amerson*, 519 So. 2d 442, 442-43 (Ala. 1987). Therefore, sheriffs enjoy Eleventh Amendment protection when they are sued in their official capacities for damages under § 1983. *Carr v. City*

---

without its consent.
The legislative history of § 1983 does not suggest a different conclusion. ... Construing § 1983 as a remedy for "official violation of federally protected rights" does no more than confirm that the section is directed against state action — action "under color of" state law. *It does not suggest that the State itself was a person that Congress intended to subject to liability.*

*Will*, 491 U.S. at 67-68, 109 S.Ct. at 2310-11 (emphasis supplied)(citations omitted).

[6] Article V, § 112, Alabama Constitution (1901), provides: "The executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, <u>and a sheriff for each county</u>." (Emphasis supplied.)

6

*of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990).

It follows that Sheriff Blakely is not a "person" subject to suit under § 1983 when sued in his official capacity, because plaintiff's claims against him in that capacity are functionally equivalent to claims against the entity he officially represents: the State of Alabama, which neither consented to this suit nor waived its Eleventh Amendment immunity.

### b. Individual capacity claim

On the other hand, a suit against an official in his individual capacity is a claim against the person: relief is sought from the individual, *not* the governmental entity he represents. *See, e.g., Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 362, 116 L.Ed.2d 301 (1991); *Colvin v. McDougall*, 62 F.3d 1316 (11th Cir. 1995). Accordingly, Sheriff Blakely *is* a "person" for purposes of § 1983 when sued in his individual capacity. *Hafer*, 502 U.S. at 31, 112 S.Ct. at 365 ("state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983").

### (i) Qualified immunity

Defendant Blakely asserts he nevertheless is entitled to immunity from suit in his individual capacity under the doctrine of qualified immunity. Qualified Immunity insulates government

7

officials from civil lawsuits in their individual capacities, so long as the challenged conduct, on the date it occurred, did not violate clearly established federal statutory or constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Santamorena v. Georgia Military College*, 147 F.3d 1337 (11th Cir. 1998); *Adams v. Poag*, 61 F.3d 1537 (11th Cir.), *reh'g denied*, 70 F.3d 1287 (11th Cir. 1995). "To be clearly established, the contours of an asserted constitutional right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Wilson v. Strong*, 156 F.3d 1131, 1134 (11th Cir. 1998).

The Eleventh Circuit commands that, "[i]n reviewing a motion to dismiss based on qualified immunity, the district court is required to accept the factual allegations in the plaintiff's complaint as true and draw all reasonable inferences in favor of the plaintiff." *Wilson*, 156 F.3d at 1133 (citing *Nolen v. Jackson*, 102 F.3d 1187, 1190 (11th Cir. 1997)). "At the motion to dismiss stage of the proceedings, the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined." *Williams v. City of Montgomery*, 21 F. Supp. 2d 1360, 1366 (M.D. Ala. 1998) (citing *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1366

8

(11th Cir. 1998); *Wooten v. Campbell*, 49 F.3d 696, 699 (11th Cir. 1995)).

In order to properly allege a constitutional violation in an action based upon § 1983, the plaintiff must satisfy "heightened pleading standards." *Williams*, 21 F. Supp. 2d at 1367. Some factual details must be alleged. Plaintiff does not meet this standard. He vaguely asserts "[a]gents of one or more of the Defendants participated in a law enforcement capacity and wrongfully arrested Plaintiff and otherwise wrongfully caused Plaintiff to be arrested." (Complaint at 7.) He further alleges "McCurley and other Defendants, ... arrested Plaintiff without a warrant, without a sworn statement, and without having witnessed a crime in the arresting officers' presence." (*Id.*) Even viewing these statements in a light most favorable to plaintiff, this court still cannot determine what wrongs he attributes to Sheriff Blakely, much less whether the Sheriff acted in violation of clearly established law.

Rather than summarily dismiss on the present state of the record, however, this court will allow plaintiff one more bite at the pleading apple, and will grant the alternative aspect of Sheriff Blakely's motion: *i.e.*, his motion for more definite

9

statement.

### 2. Limestone County, Alabama

The evolution of modern § 1983 doctrine began with *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). *Monroe* opened the sluice to a "swelling tide of § 1983 actions [which] threaten[ed] to engulf the federal courts...." *Thurman v. Rose*, 575 F. Supp. 1488, 1491 (N.D. Ind. 1983). This occurred in spite of the Supreme Court's prescient attempt to limit the force of its decision by holding that municipal defendants were *not* "persons" subject to suit under the statute and, therefore, could not be held liable for the actions of municipal officials. *Monroe*, 365 U.S. at 192, 81 S.Ct. at 486. Blanket immunity for municipalities lasted until 1978, when the Court reversed that aspect of its holding in *Monroe*, and held that a municipality *did* qualify as a "person" liable to suit under § 1983. *Monell v. Department of Social Service of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "The *Monell* ... decision made any city, county, or local jurisdiction subject to a lawsuit whenever one of its employees abridged any federal constitutional or statutory command." Randall R. Rader, Section 1983, *The Civil Rights Action: Legislative and Judicial Directions*, 15 Cumb. L. Rev. 571, 580

10

(1985) (emphasis supplied) (footnote omitted). *See, e.g., Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); *Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995) (noting that the "Cullman County Commission could likewise be liable [under § 1983] for the acts of [the] Sheriff"). Thus, both Limestone County and Stanley Menefee, in his capacity as Chairman of the county commission are, "persons" subject to suit under § 1983.

The *Monell* Court nevertheless qualified its holding that municipalities *are* "persons" for purposes of § 1983, and attempted to limit the potential liability of local governmental entities, by also holding that "a municipality cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691, 98 S.Ct. at 2036. The Court concluded that city or county governments could be held liable only where "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.*[7] "Thus, municipal liability attaches only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or

---

[7] The Court also said that a local government may be held liable under certain circumstances for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91, 98 S.Ct. at 2036.

11

acts may fairly be said to represent official policy, inflicts the injury." Kenneth L. Lewis, *Section 1983: A Matter of Policy — Current Overview of Municipal Liability*, 70 Mich. B.J. 556 (1991).

Limestone County's motion to dismiss thus is due to denied as filed; however, this court will treat the motion as seeking a more definite statement and, as so treated, the motion will be granted.

### 3. Stanley Menefee, Chairman of the Limestone County Commission

As previously discussed, a suit against a public official in his official capacity imposes liability on the governmental entity the official represents. *Brandon*, 469 U.S. at 471-72, 105 S.Ct. at 877-78. Accordingly, plaintiff's claims against Stanley Menefee in his official capacity as Chairman of the Limestone County Commission essentially are claims against the county itself; and because Limestone County, Alabama, already is named as a defendant, it is redundant to retain plaintiff's official capacity claim against Menefee. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Defendant Menefee's motion to dismiss, therefore, will be granted to that extent.

12

## IV. STATE LAW CLAIMS

### A. Stanley Menefee, Chairman of Limestone County Commission and Limestone County, Alabama

The Alabama Supreme Court held in *Cook v. County of St. Clair*, 384 So.2d 1, 5 (Ala. 1980), that "[Alabama Code] § 11-1-2[8] allows suits against counties, and their governing bodies the county commissions and commissioners in their official, but not in their individual capacity ..." The court further said:

> [t]here is no restriction to the type of suit that may be brought against the county tort or contract. The only requirements that must be met regarding a suit against a county are set out in [Ala. Code] §§ 6-5-20(a), 11-12-15, 11-12-6, and 11-12-8, ... requiring presentment of an itemized, verified claim to the county commission within twelve months of accrual, and acted on within ninety days prior to commencement of the suit.

Moreover, the Alabama Supreme Court held in *Smitherman v. Marshall County Commission*, 1999 WL 236500, at 5 (Ala. 1999), that "there is in fact a legal distinction between a county and its commission. We also hold that, similarly, there is a legal distinction between a county and its employees acting in their official capacities. Further, it is clear, ... that county commissioners may be sued in their official capacities." It follows, therefore, that plaintiff's state law claims against Limestone County, Alabama, and

---

[8] Ala. Code § 11-1-2 provides: "[e]very county is a body corporate with power to sue and be sued in any court of record."

13

Stanley Menefee, in his official capacity as Chairman of the Limestone County Commission, are proper. Accordingly, defendants' motions to dismiss plaintiff's state law claims are due to be denied as filed; however, this court will treat the motion as seeking a more definite statement and, as so treated, the motion will be granted.

**B. Sheriff Mike Blakely**

Plaintiff also seeks to hold Sheriff Blakely liable under state law, both individually and officially, for false imprisonment, libel, slander, defamation, along with other state law causes of action. However, the State of Alabama grants sovereign immunity to its executive officers in Article I, § 14 of the 1901 State Constitution, reading: "the State of Alabama shall never be made a defendant in any court of law or equity." Sheriffs are, as previously noted, executive officers of the State of Alabama.[9] *See Phillips v. Thomas*, 555 So. 2d 81, 83 (Ala. 1989). Section 14 extends to officers sued in both their official and individual capacities. *Alexander v. Hatfield*, 652 So. 2d 1142, 1143 (Ala. 1995); *see also Lancaster v. Monroe County, Alabama*, 116 F.3d 1419, 1431 (11th Cir. 1997) ("the Alabama Supreme Court has held that a suit brought against a sheriff ... in his individual

---

[9] See note 5 *supra*.

14

capacity alleging negligence in the performance of his statutory duties should be treated as a suit against the state.") (citations omitted); *McMillan v. Johnson*, 101 F.3d 1363, 1365 (11th Cir. 1996) ("under Alabama law, a claim against an Alabama sheriff in his individual capacity is barred by the doctrine of sovereign immunity"); *Tinney v. Shores*, 77 F.3d 378, 383 n.3 (11th Cir. 1996) ("Alabama law affords § 14 immunity to state officers sued in both their official and individual capacities") (citations omitted).

The only exceptions to the sovereign immunity extended to sheriffs are actions brought:

> (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

*Parker v. Amerson*, 519 So. 2d 442, 443 (Ala. 1987). In the instant action, plaintiff does not seek an injunction, a writ of mandamus, or a declaratory judgment, but instead is suing only for monetary damages. Accordingly, plaintiff's state law claims against Sheriff Mike Blakely are due to be dismissed.

An appropriate order consistent with this memorandum opinion

15

will be issued contemporaneously herewith.

DONE this  5th day of August, 1999.

_____
United States District Judge

16