UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
99 SEP 17 PM 2:41
N.D. OF ALABAMA

RICHARD B. CONNER, )
)
    Plaintiff, )
)
vs. )   Civil Action No. CV-99-S-888-NE
)
NYT HOLDINGS, INC., )
LIMESTONE COUNTY, AL., et al.,)
)
    Defendants. )

ENTERED
SEP 17 1999

## MEMORANDUM OPINION

Upon review of the court file, the court finds it necessary to enter this memorandum opinion advising the parties of the status of their case.

**A.   Plaintiff's Compliance With Orders Requiring Amended Complaint**

    **1.   Order entered August 5, 1999**

On August 5, 1999, this court "ORDERED that plaintiff file an amended complaint, stating his claims against each defendant with greater particularity, on or before August 18, 1999." (Doc. No. 35, at 2.)

    **2.   Order entered August 18, 1999**

Plaintiff did not file an amended complaint within the time allowed by the previous order, but instead filed on August 18, 1999, a motion requesting "a brief extension of time within which to file said Amended Complaint <u>to August 20, 1999</u>." (Plaintiff's Motion to

Extend Time to File Amended Complaint filed August 18, 1999 (Doc. No. 43), ¶ 4 (emphasis supplied).)

This court stamped that motion as having been "granted and so ordered" on the same date it was filed (Doc. No. 44), thereby allowing plaintiff until August 20, 1999, to file an amended complaint.

3.  **Order entered August 27, 1999**

On August 20, 1999, however, plaintiff did not file an amended complaint, but instead filed a "*motion* for leave to amend complaint to add additional parties." (Doc. No. 46 (emphasis supplied).) "Plaintiff attache[d] a copy of the proposed Amended Complaint" to the motion. (*Id.* at 2 (emphasis supplied).)

The filing of such a motion was nonsensical for several reasons. First, this court had twice ordered plaintiff to file an amended complaint.

Second, the amended scheduling order entered July 9, 1999, allowed the parties until August 23, 1999 to add "causes of action, defenses, or parties" (Doc. No. 24, ¶ 1 (emphasis supplied)), and the time for adding additional parties thus had not expired.

Third, and most importantly, the motion was not signed in accordance with Federal Rule of Civil Procedure 11(a), requiring in relevant part as follows:

Page 2

>   (a) **Signature.** <u>Every pleading</u>, <u>written motion</u>, and other paper <u>shall be signed</u> by at least one attorney of record in the attorney's individual name.... An unsigned paper <u>shall be stricken unless</u> omission of the signature is corrected promptly after being called to the attention of the attorney or party. [Emphasis supplied.]

For such reasons, the motion was denied.[1] This court attempted to call the omission of a signature to the attention of plaintiff's attorney by the terms of its handwritten order, endorsed on the face of the motion, and reading simply "Denied: See Fed. R. Civ. P. 11(a)." (Order entered August 27, 1999 (Doc. No. 54).) Even so, as of the date of this order, there has been no further effort by plaintiff's counsel to file an amended complaint in compliance with the order entered August 5, and modified on August 18, 1999.

Defendants have nevertheless responded to plaintiff's "proposed Amended Complaint" as if it had been properly filed. For example, in the "joint motion for extension of time" filed August 23, 1999, one of the attorneys for defendant NYT holdings, Inc. stated "[t]he plaintiff's Amended Complaint <u>was filed</u> on Friday, August 20, 1999." (Doc. No. 55, ¶ 2 (3d sentence) (emphasis supplied).) Moreover,

---

[1] This, sadly, was not the only instance in which one of the attorneys for plaintiff, namely Kyla L. Groff, failed to sign a pleading in compliance with Fed. R. Civ. P. 11(a): see "plaintiff's motion for leave to file reply to defendant's response of August 13, 1999" filed August 20, 1999 (Doc. No. 47). United States Magistrate Judge Robert Armstrong also noted the omission of counsel's signature, but nevertheless dealt with the motion as if it were properly before the court, saying in a handwritten order entered on August 27, 1999 (Doc. No. 50): "Granted. Even though not signed, the reply has been considered by [the] undersigned [and] presumably by defendants ...." (The remainder of Judge Armstrong's order endorsed on the face of the motion is not legible.)

Page 3

defendant NYT Holdings, Inc. filed an answer to "the plaintiff's amended complaint" on September 2, 1999 (Doc. No. 57).

While this court's initial inclination was to enter an order requiring plaintiff to show cause why the action should not be dismissed for failure to comply with orders of this court and elementary requirements of the Federal Rules of Civil Procedure, given the manner in which counsel have simply assumed that plaintiff properly filed an amended complaint, and also given the gravity of the claims asserted, the court has concluded that it would be an abuse of discretion to do so. Accordingly, in the order which shall accompany this opinion the clerk shall be directed to stamp as filed a photostatic copy of the "proposed Amended Complaint" attached to plaintiff's "motion for leave to amend complaint to add additional parties" (Doc. No. 46).

By doing so, however, plaintiff's attorneys of record — indeed all attorneys of record — should not be misled. This court will not again tolerate deviance from the requirements of the Federal Rules of Civil Procedure, including specifically the requirement that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name.... An unsigned paper <u>shall be stricken</u> unless omission of the signature is corrected promptly after being called

to the attention of the attorney or party." (Rule 11(a) (emphasis supplied).)

**B.  Discovery Motions of Defendant NYT Holdings, Inc.**

Defendant NYT Holdings, Inc. also is not immune from criticism for its pleading practices. For example, that defendant filed two motions at 4:20 o'clock p.m. on September 3, 1999: *i.e.*, "Channel 19's motion to compel plaintiff to respond to amended notice of deposition" (Doc. No. 58 (emphasis supplied)); and, a "motion to reconsider ruling on motion to compel of Channel 19" (Doc. No. 59 (emphasis supplied)). This court thought that its order entered on August 5, 1999 — and directing "[t]he clerk and all parties ... to substitute, in the caption of all subsequent pleadings, 'NYT Holdings, Inc.,' for the defendants presently denominated 'The New York Times Company, Inc.' and 'WHNT-TV, Newschannel 19'" (Doc. No. 35, at 1) — made clear that "WHNT-TV, Newschannel 19" (or any variation thereof) was not a party to this action. Perhaps this court mislead counsel by its use of the phrase "in the caption." The word "caption" *is* a term of legal art, referring to the "heading or introductory part of a pleading, motion, deposition, or other legal instrument which indicates the names of the parties, name of the court, docket or file number, title of the action, etc." *Black's Law Dictionary* 212 (6th ed. 1990); *see also* Federal Rule of Civil Procedure 10(a) ("Every pleading shall contain a caption

Page 5

setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). ..."). If so, this court apologizes to counsel. The order accompanying this opinion shall attempt to disabuse all parties and counsel of the court's full intent.

More fundamentally, however, the subject motions each reference several "Attachment[s]": see paragraphs 1 and 2 of the motions filed as documents number 58 and 59. No documents were appended, however, thereby making it difficult for the court to reach a reasoned conclusion.

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

Done this 17th day of September, 1999.

_____
United States District Judge

Page 6