IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
00 JAN 28 PM 3:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

RICHARD B. CONNER, )
)
Plaintiff, )
)
vs. ) Civil Action No. CV99-S-888-NE
)
NYT HOLDINGS, INC., an )
Alabama corporation; )
LIMESTONE COUNTY, a political )
subdivision organized under )
the laws of the State of )
Alabama and having as its )
principal place of business )
Athens, Alabama; STANLEY )
MENEFEE, as Chairman of the )
Limestone County Commission; )
ROBERT MCCURLEY, individually;)
MIKE BLAKELY, individually; )
TONY HASTINGS, individually; )
and STANLEY MCNUTT, )
individually, )
)
Defendants. )

ENTERED
JAN 28 2000

## MEMORANDUM OPINION

This action is before the court on the motion for protective order (doc. no. 99) filed by Catholic Family Services ("CFS"), a non-party. CFS was served with a subpoena from defendant NYT Holdings, Inc. ("NYT") commanding it "to produce and permit inspection and copying of ... any and all documents regarding or in any way related to Richard B. Conner, including but not limited to any and all counseling records of Mr. Conner." (Motion for protective order ¶ 1.) CFS now moves for a protective order on the

grounds that the subpoenaed documents constitute a "privileged communication," as defined by Alabama Code § 34-8A-21 (1975). After conducting an *in camera* review of the documents, the court is of the opinion that the motion is due to be granted in part and denied in part.

At the outset, the court notes that the provision of the Alabama Code relied on by CFS, section 34-8A-21, has been superceded by Rule 503A of the Alabama Rules of Evidence. (*See* Ala. R. Evid. 503(A) advisory committee's note.) Moreover, the court is not convinced that Alabama evidentiary rules govern this dispute at all. Specifically, the court's subject matter jurisdiction over this action is premised primarily on 28 U.S.C. § 1331, because plaintiff's multi-count complaint includes several allegations that defendants' conduct violated federal law. Indeed, plaintiff has pled a malicious prosecution claim, a false imprisonment claim, a Fourth Amendment claim, and a deprivation of privacy claim, all through the conduit of 42 U.S.C. § 1983. In addition, plaintiff asserts a conspiracy claim premised on 42 U.S.C. § 1985, and several pendent state law claims. Although the bulk of plaintiff's federal claims are directed at Limestone County and several named deputy sheriffs, plaintiff also has included NYT

2

in his conspiracy claim, contending that "all named Defendants acted in a conspiracy or concert with one another." (Third Amended Complaint (doc. no. 83) ¶ 71.)

Rule 501 of the Federal Rules of Evidence provides that a claim of privilege in federal court is resolved by federal common law, unless the action is a civil proceeding and the privilege is invoked "with respect to an element of a claim or defense as to which State law supplies the rule of decision." Fed. R. Evid. 501. Although the Eleventh Circuit has acknowledged that "Rule 501 is not clear as to which rule should be followed when the federal and state laws of privilege are in conflict[,]" *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992), the *Hancock* court followed the majority of circuits in holding that the federal law of privilege applies to all claims in such cases.

> [I]t would be impractical to apply two different rules of privilege to the same evidence before a jury. We therefore hold that the federal law of privilege provides the rule of decision in a civil proceeding where the court's jurisdiction is premised upon a federal question, even if the witness-testimony is relevant to a pendent state law count which may be controlled by a contrary state law of privilege.

*Id.* (internal citations omitted). Accordingly, this court will apply the federal version of the psychotherapist-patient privilege.

Until recently, the federal common law did not recognize a

3

psychotherapist-patient privilege. *See e.g., Hancock*, 967 F.2d at 466. The Supreme Court, however, in *Jaffee v. Redmond*, 518 U.S. 1, 15, 116 S.Ct. 1923, 1931, 135 L.Ed.2d 337 (1996), recognized for the first time "that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence."

Moreover, the Court extended the privilege beyond confidential communications made to licensed psychiatrists and psychologists. *Id.* Specifically, the Court had "no hesitation" in concluding that the privilege "should also extend to confidential communications made to licensed social workers in the course of psychotherapy." *Id.* Such conclusion was supported by the rationale that the clients of social workers "often include the poor and those of modest means who could not afford the assistance of a psychiatrist or psychologist, but whose counseling sessions serve the same public goals." *Id.* at 17, 116 S.Ct. at 1931 (internal citations omitted).

Here, plaintiff received counseling from a clinical social worker at CFS from the period of April 6, 1998 to May 12, 1998. The documents submitted to the court for an *in camera* review

4

consist of the social worker's notes concerning these counseling sessions. There can be no doubt that the notes include confidential communications, meaning communications that were "not intended to be disclosed to third persons." *See* 3 Weinstein's Federal Evidence § 504.01 (2d ed. 1999). However, "[l]ike other testimonial privileges, the patient may of course waive the protection." *Jaffee,* 518 U.S. at 15 n. 14, 116 S.Ct. at 1931 n. 14.

Most courts recognize that a party may waive the psychotherapist-patient privilege by placing his or her mental condition in issue. *See e.g., Sider v.* Reno, No. 95-CIV-9588, 1998 WL 164823 (S.D. N.Y. April 7, 1998); *Fox v. Gates Corp.*, 179 F.R.D. 303 (D. Colo. 1998); *Equal Employment Opportunity Commission v. Danka Industries, Inc.*, 990 F. Supp. 1138 (E.D. Mo. 1997); *Lanning v. Southeastern Pennsylvania Transportation Authority*, No. CIV-A-97-593, 1997 WL 597905 (E.D. Pa. September 17, 1997); *Vann v. Lone Star Steakhouse & Saloon of Springfield, Inc.*, 967 F. Supp. 346 (C.D. Ill. 1997); *Vasconcellos v. Cybex International, Inc.*, 962 F. Supp. 701 (D. Md. 1997); *Doolittle v. Ruffo*, No. 88-CV-1175, 1997 WL 151799 (N.D. N.Y. March 31, 1997); *Sarko v. Penn-Del Directory Company*, 170 F.R.D. 127 (E.D. Pa. 1997).

5

Due to the newness of the decision in *Jaffee*, the Eleventh Circuit has yet to discuss this issue. By comparison, however, the Eleventh Circuit has recognized a similar exception in the attorney-client context. *See Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 1417 (11th Cir. 1994). A consideration of the attorney-client exception is supported by *Jaffee*, wherein the Supreme Court likewise analogized the policy considerations of the psychotherapist-patient privilege to those underlying the attorney-client privilege. *Jaffee*, 518 U.S. at 11, 116 S.Ct. at 1928.

In *Cox*, the Eleventh Circuit recognized that a client may waive an attorney-client privilege by placing information protected by that privilege at issue. *See Cox*, 17 F.3d at 1417. In so holding, the court approvingly quoted from a district court opinion within this circuit:

> [a]ll of these established exceptions to the rules of privilege have a common denominator; in each instance, the party asserting the privilege placed information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would have been manifestly unfair to the opposing party.

*Cox*, 17 F.3d at 1418 (quoting *Pitney-Bowes, Inc. v. Mestre*, 86 F.R.D. 444, 447 (S.D. Fla. 1980) (internal quotations omitted)).

6

Therefore, this court also concludes that a party may waive the psychotherapist-patient privilege by placing his or her mental condition in issue. NYT argues that plaintiff has so waived his privilege in this case, because he requests damages for mental anguish in his complaint. The court agrees.[1]

In his complaint, plaintiff alleges that he "was arrested and charged with Lewd and Lascivious Behavior contrary to the Alabama Code at Wheeler Wildlife Refuge, a national wildlife reserve, during his lunch break...." (Complaint ¶ 15.) He contends that agents of NYT photographed and videotaped plaintiff during and after his arrest and "thrust a microphone in [his] face shouting, '[i]s it true you were masturbating in the woods?'" (*Id.* ¶ 22.) Plaintiff argues that this interview was broadcast via television over a period of time and, as a result of this incident, he "suffered sever physical and emotional distress, was held up to public hatred and ridicule, was subjected to severe humiliation, embarrassment and inconvenience, ... lost self-esteem, lost standing in the community, lost reputation...." (*Id.* ¶ 75.) Clearly, as a result of these allegations, plaintiff has placed his

---

[1] The court notes that the same result would occur under Rule 503A of the Alabama Rules of Evidence. That rule provides an exception to the counselor-client privilege when "the client relies upon the condition as an element of the client's claim or defense." Ala. R. Evid. 503A(d)(3).

7

mental condition directly in issue and thereby waived his psychotherapist-patient privilege.

Such a determination does not provide NYT with unfettered dissemination rights to these documents, however. Much of the information contained therein is highly-sensitive, and unrelated to the incident complained of in this lawsuit. Although NYT, the other defendants, and their attorneys, are entitled to a release of these records, all individuals are restricted from revealing the contents of the documents, or the documents themselves, to anyone other than: a) outside consultants or experts retained for the purpose of assisting in this litigation; and b) persons noticed for depositions or designated as trial witness, and then, only to the extent reasonably necessary to aid them in giving testimony. These documents are entitled to the utmost privacy, and all individuals who have access are directed to keep confidential the information contained therein.

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 28th day of January, 1999.

_____
United States District Judge